IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

PATTERSON-UTI DRILLING COMPANY, LLC,

    Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of race, color, national origin, and/or retaliation and to provide appropriate relief to aggrieved individuals adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or "Commission") alleges that Patterson-UTI Drilling Company, LLC ("Defendant" or "Patterson-UTI") engaged in a pattern or practice of discrimination based on race, color, and/or national origin in three respects: 1) creating and/or tolerating a hostile work environment; 2) disparate treatment in terms and conditions of employment; and (3) retaliation.  The alleged discrimination affected a nationwide class of aggrieved individuals.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed nationwide, including but not limited to within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4. Defendant is a Texas limited liability company.

5. At all relevant times, Defendant has continuously been doing business in the State of Colorado and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, various individuals filed charges with the Commission alleging violations of Title VII by the Defendant.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Aggrieved individuals include people who are Hispanic, Latino or of Spanish origin, Black or African American, American Indian or Alaska Native, Asian, and/or Native Hawaiian or other Pacific Islander.

10. The aggrieved individuals are currently or were formerly employed by the Defendant in Colorado and other states.

11. The aggrieved individuals were subjected to harassment/hostile work environment and/or disparate treatment because of their race, color, and/or national origin, and/or retaliation for opposing Defendant's discriminatory practices.

## FIRST CLAIM FOR RELIEF

[Nationwide Pattern or Practice of Hostile Work Environment - 42 U.S.C. §§ 2000e-2a]

12. Plaintiff EEOC hereby incorporates and re-alleges all of the foregoing paragraphs with the same force and effect as if fully set forth herein.

13. Since at least 2006, Defendant engaged in unlawful employment practices in violation of Section 2000e-2(a) of Title VII when it created and/or tolerated a work environment which was hostile for aggrieved individuals based on their race, color, and/or national origin.

14. Conduct contributing to the hostile work environment includes, without limitation: (a) racial and ethnic slurs, jokes, and comments; (b) verbal and physical harassment and intimidation of minority employees; (c) relegating minority employees to lower-level positions; (d) denial of training and/or on-the-job experience; (e) disparate treatment in discipline, discharge (actual or constructive), job assignments, promotion, demotion, and other terms and conditions of employment; and (f) retaliation against employees who complained about discrimination or harassment.

15. The hostile work environment and/or harassment was sufficiently severe or pervasive to alter the conditions of employment.

16. Numerous employees complained to Defendant's managers about the hostile work environment.

17. Defendant knew or should have known about the hostile work environment.

18. Defendant failed and/or refused to take reasonable measures to prevent or correct the hostile work environment.

19. Defendant further contributed to the hostile environment by retaliating against individuals who made complaints.

20. The unlawful employment practices described above were and are intentional.

21. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

22.    As a result of the events and actions described above, the aggrieved individuals were deprived of equal employment opportunities; subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and were otherwise adversely affected as employees because of their race, color, and/or national origin.

## SECOND CLAIM FOR RELIEF

[Nationwide Pattern or Practice of Disparate Treatment in Terms and Conditions of Employment - 42 U.S.C. §§ 2000e-2a]

23.    Plaintiff EEOC hereby incorporates and re-alleges all of the foregoing paragraphs with the same force and effect as if fully set forth herein.

24.    Defendant engaged in unlawful employment practices in violation of Section 2000e-2(a) of Title VII by discriminating against aggrieved individuals with respect to the terms and conditions of their employment because of their race, color, and/or national origin.

25.    Such discrimination included, without limitation, disparate treatment in job and position assignments, compensation, promotion decisions, training, disciplinary actions, and termination decisions.

26.    The unlawful employment practices complained of above were intentional.

27.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

28.    As a result of Defendant's unlawful employment practices, the aggrieved individuals were deprived of equal employment opportunities; deprived of wages,

benefits and job training; subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and were otherwise adversely affected as employees because of their race, color, and/or national origin.

### THIRD CLAIM FOR RELIEF

[Nationwide Pattern or Practice of Retaliation - 42 U.S.C. § 2000e-3(a)]

29.     Plaintiff EEOC hereby incorporates and re-alleges all of the foregoing paragraphs with the same force and effect as if fully set forth herein.

30.     Defendant engaged in unlawful employment practices in violation of Section 2000e-3(a) of Title VII when Defendant took adverse employment actions against aggrieved individuals because they engaged in protected activities under Title VII, including but not necessarily limited to reporting, complaining about, and/or opposing discrimination and/or participating in an investigation of alleged discrimination.

31.     Defendant's retaliation was intentional.

32.     Defendant's retaliation was committed with malice or reckless indifference to the federally protected rights of the aggrieved individuals.

33.     As a result of the events and actions described above, the aggrieved individuals were deprived of equal employment opportunities; deprived of wages, benefits and job training; subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and were otherwise adversely affected as employees because of their opposition to discrimination.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race, color, and/or national origin;

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, employees, attorneys, successors, assigns and all persons in active concert or participation with them, from engaging in retaliation;

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of race, color, or national origin, and which eradicate the effects of Defendant's past and present unlawful employment practices;

D.  Order Defendant to make whole the aggrieved individuals by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof;

E.  Order Defendant to make whole the aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including such things as job search expenses

7

or relocation expenses or medical expenses not covered by an employee benefit plan, in amounts to be determined at trial;

F.  Order Defendant to make whole the aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.  Order Defendant to pay punitive damages for their malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial;

H.  Grant such other and further relief as the Court deems just, necessary, and proper; and

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED: March 24, 2015.

Respectfully submitted,

> P. DAVID LOPEZ
> General Counsel
>
> GWENDOLYN REAMS
> Associate General Counsel
>
> EQUAL EMPLOYMENT
>   OPPORTUNITY COMMISSION
> 131 M Street N.E., 5TH Floor
> Washington, D.C.  20507-0004
>
> MARY JO O'NEILL
> Regional Attorney
> Phoenix District Office
>
> RITA BYRNES KITTLE
> Supervisory Trial Attorney
>
> */s Stephanie Struble*
> STEPHANIE STRUBLE
> Senior Trial Attorney
> Telephone: 303.866.1381
> E-Mail: Stephanie.struble@eeoc.gov
>
> D. ANDREW WINSTON
> Senior Trial Attorney
> Telephone:  303.866.1361
> E-Mail:  andrew.winston@eeoc.gov
>
> EQUAL EMPLOYMENT
>    OPPORTUNITY COMMISSION
> Denver Field Office
> 303 East 17th Avenue, Suite 410
> Denver, Colorado  80203

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**

9